# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JESSE COUNCE,

                      **Plaintiff,**

    v.                                            CASE NO. 18-3244-SAC

SHAWANNA POWELL, et al.,

                        **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Jesse Counce, a pretrial detainee being held at the Allen County Jail in Iola, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

## I. Nature of the Matter before the Court

Plaintiff's complaint (ECF No. 1) alleges he has been falsely accused, falsely imprisoned, defamed, and harassed.[1] He names Shawanna Powell and Detective B. Christian as defendants. Mr. Counce states he met Shawanna Powell through an online dating site, decided he did not wish to pursue a relationship after meeting her in person, and did not respond to subsequent calls and text messages from her. Plaintiff alleges she then made false accusations to the police and "got

---

[1] Plaintiff does not specify what he has been accused of, but online records of the Wyandotte County District Court show he has been charged with a violation of K.S.A. 21.5413(b)(1)(A), aggravated battery - knowingly causing great bodily harm or disfigurement. *State v. Counce*, 2017-CR-001191, www.kansas.gov .

1

[him] arrested." ECF No. 1 at 3.  Mr. Counce further alleges Defendant Christian "didn't do any investigating" before arresting him, other than "running his name." *Id.* Plaintiff claims he was in Atlanta, Georgia, on October 18, 2017 (apparently the date of the alleged battery).

Plaintiff seeks compensatory damages and release from jail.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

3

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Abstention

Mr. Counce asks this Court to order his release from jail and to award him damages for allegedly unconstitutional actions taken by law enforcement in connection with a pending state criminal prosecution. The Court is prohibited from doing so under *Younger v. Harris,* 401 U.S. 37, 45 (1971).[2] The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997). Absent narrow exceptions for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" involving irreparable injury, *Younger,* 401 U.S. at 46–55, abstention is both appropriate and mandated when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court affords an adequate forum to hear the claims raised in the plaintiff's federal complaint, and (3) the state proceedings implicate important state interests. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). If applicable, the *Younger* abstention doctrine obligates the Court to dismiss an action in favor of an ongoing state proceeding. *Weitzel*, 240 F.3d at 875.

---

[2] Even though the original *Younger* holding was applied to a claim for injunctive relief, the Tenth Circuit has expanded the doctrine to include monetary relief. *Unified Sch. Dist. No. 497,* 392 F.3d at 1228 ("[T]he Younger doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding.") (citations omitted); *see also Parkhurst v. State of Wyoming,* 641 F.2d 775, 777 (10th Cir.1981) (claim for money damages "would necessarily call into question the validity of the state conviction" and "frustrate the spirit" of *Younger*).

4

Applying the *Younger* analysis to this case, the Court finds that the first condition is clearly met because there are ongoing state criminal proceedings. The second condition is met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff,* 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (*citing Younger,* 401 U.S. at 44). The third condition is met because the Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and, if he is convicted, direct appeal, as well as post-conviction remedies. *See Capps v. Sullivan,* 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in state court or by other (available) state procedures.") (quotation omitted). Finally, Plaintiff's bare assertion that the investigating detective "didn't do any investigating" and just "assumed" Plaintiff committed the alleged crime based on Plaintiff's criminal record is insufficient to trigger any of the *Younger* exceptions.

Accordingly, the Court finds Plaintiff's complaint should be dismissed without prejudice.[3] *See Hightower v. Kansas*, No. 17-3044-SAC-DJW, 2017 WL 3149298, at *5 (D. Kan. July 25, 2017); *Hachmeister v. Taylor*, No. 13-3205-SAC, 2014 WL 547066, at *3 (D. Kan. Feb. 11, 2014); and *Butler v. Fisher*, No. CIV.A. 10-3196-SAC, 2010 WL 5185028, at *1 (D. Kan. Dec. 15, 2010).

### B. State Actor

In addition, Plaintiff fails to state a claim against Defendant Powell. To state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Northington*

---

[3] *See Morrow v. Winslow,* 94 F.3d 1386, 1392 (10th Cir.1996) (court can raise issue of *Younger* abstention sua sponte).

*v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *West*, 487 U.S. at 42. Thus, it is of no consequence how discriminatory or wrongful the actions are that a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207-08 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

Ms. Powell is in no sense a state actor. As a result, she is not subject to liability under § 1983 and must be dismissed from this action.

## IV. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal. Plaintiff is therefore required to show good cause why his complaint should not be dismissed for the reasons stated herein. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **November 29, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to pay the initial partial filing fee (ECF No. 5) is **denied as moot** because Plaintiff has since paid the partial fee.

**IT IS SO ORDERED.**

DATED:  This 30th day of October, 2018, at Topeka, Kansas.


                                  **s/ Sam A. Crow**
                                  **SAM A. CROW**
                                  **U.S. Senior District Judge**